## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

MARYLAND COSEY                                                                    PLAINTIFF

v.                                        No. 4:05CV00128 JLH

UNITED METHODIST BEHAVIORAL
HEALTH SYSTEMS, INC.                                                             DEFENDANT

## OPINION AND ORDER

As the prevailing party, United Methodist Behavioral Health Systems, Inc., has moved to recover its attorneys' fees pursuant to 42 U.S.C. § 1988(b). United Methodist Behavioral Health Systems, Inc., contends that Cosey's claim of discrimination was frivolous, unreasonable, and groundless; or, in the alternative, that Cosey continued to litigate her claim after it clearly became frivolous, unreasonable, and groundless. United Methodist Behavioral Health Systems, Inc., seeks $15,530.50 in fees and costs.

The leading case on whether to award fees to a defendant against a plaintiff in a discrimination case is *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). There, the Court stated, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421, 98 S. Ct. at 700. On the other hand, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic would discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. at 421-22, 98 S. Ct. at 700. *See also King v. Alco Controls Div. of Emerson*

*Electric Co.*, 746 F.2d 1331 (8th Cir. 1984); *Obin v. Dist. No. 9 of the Intern'l Assoc. of Machinists and Aerospace Workers*, 651 F.2d 574 (8th Cir. 1981); *Mosby v. Webster College*, 563 F.2d 901 (8th Cir. 1977).

Not every case in which the court finds that there is no genuine issue of material fact is a case that was frivolous, unreasonable, or without foundation. The line is sometimes difficult to discern. Although Cosey failed to produce evidence to create a genuine issue of material fact, the Court does not find that the action was frivolous, unreasonable, or without foundation; nor was it brought in subjective bad faith. I am satisfied that the plaintiff genuinely believed that she was discharged because of her race, and she genuinely believed the other allegations in her complaint, even though the evidence ultimately did not support her beliefs. Inasmuch as her supervisor apparently did use the phrase "black bitch" on at least one occasion, I cannot say that plaintiff's beliefs were groundless. Therefore, the motion for attorneys' fees (Docket #28) and costs (Docket #30) is DENIED.

IT IS SO ORDERED this 20th day of December, 2005.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE